

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JAHI HASANATI,

                Plaintiff,

    -against-

KINGS COUNTY CLERK OF COURT; NYS
SECRETARY OF STATE; COMMISSIONER OF
POLICE: NYC,

                Defendants.
----------------------------------------------------------------x

10-CV-4908 (ARR)

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM AND ORDER

ROSS, United States District Judge:

      Plaintiff Jahi Hasanati, currently incarcerated at Otis Bantum Correctional Center ("OBCC") at Rikers Island, filed this *pro se* action on September 24, 2010. Plaintiff states that on July 26, 2010, he was charged and arraigned under New York Penal Laws §§ 120.01 (reckless assault of a child by a child day care provider) and 120.05 (assault in the second degree). Plaintiff seeks a declaratory judgment stating that these statutes are unconstitutional and for his pending criminal matter to be dismissed. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this order. The complaint is dismissed as set forth below.

## STANDARD OF REVIEW

      Pursuant to 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under §1915A for prisoners).

      A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible

on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

## DISCUSSION

Plaintiff seeks the Court's intervention in an ongoing criminal proceeding. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," Hansel v. Town Court for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir.1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding. Here, plaintiff challenges the State's authority to prosecute him and seeks this Court's intervention for his release. Thus, the elements for Younger abstention are met: (i) there is an criminal case against plaintiff still pending,[1] (ii) New York has an important state interest in enforcing its criminal laws, and (iii) plaintiff is free

---

[1] The Court takes judicial notice that plaintiff – identified by his name and book & case number 1411011372 – was arrested on July 23, 2010 and charged with, *inter alia*, assault in the second degree under New York Penal Law 120.05 which is currently pending. See http://nyc.gov/inmatelookup (last visited 10/26/10).

2

to raise his claims of constitutional violations in the pending criminal proceeding. Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); Schlagler v. Phillips, 166 F.3d 439 (2d Cir. 1999) (Younger abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights); Hansel, 56 F.3d at 393 (Younger abstention applied to dismiss complaint alleging use of non-lawyer judges in town court violated criminal defendant's constitutional rights).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: November 3, 2010
       Brooklyn, New York

3